IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**STEVEN A. MCLEOD,**

    **Plaintiff,**

vs.                                                    Case No. 4:15cv211-RH/CAS

**CORIZON HEALTH, INC., et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed an in forma pauperis motion, doc. 2, a civil rights complaint under 42 U.S.C. § 1983, doc. 1, several other motions, docs. 3-5, and a notice providing pages which were missing from one of the motions, doc. 7. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

    Plaintiff's complaint was not submitted with the proper pagination. At first glance, it appeared that Plaintiff submitted pages one and two of the complaint form, but omitted pages three and four of the form which requests information on prior cases filed. Doc. 1. However, the missing two pages are located at the end of the complaint. *See* doc. 1 at 21-22. In the complaint, Plaintiff acknowledges having filed five prior cases. Plaintiff lists case number 8:06cv794 which was filed in the Middle District of Florida and Plaintiff identifies the case as a habeas petition. *Id.* at 22. Plaintiff also lists case number

4:09cv181-MP/WCS which was filed in this Court and dismissed in August of 2009. *Id.* at 22. Plaintiff listed that case under Question D, which asks whether Plaintiff had ever had a case dismissed as frivolous, malicious, for failing to state a claim, or prior to service, but Plaintiff did not check either the "yes" or "no" box indicating affirmatively that any case was dismissed for that reason. *Id.* Nevertheless, case number 4:09cv181-MP/WCS need not be listed under Question D because although it was dismissed sua sponte and prior to service on September 23, 2009, the reason the case was dismissed was for failure to prosecute. That is not a dismissal which matters for purposes of granting in forma pauperis under § 1915.

Plaintiff also listed two other previously filed cases, case number 4:14cv359-MW/CAS, and case number 8:13cv3036 (Middle District of Florida), both of which Plaintiff states are currently pending on appeal.[1] *Id.* Finally, Plaintiff indicated he had recently filed another case in this Court on March 30, 2015,[2] but he likely did not yet have a case number for that case. It appears that Plaintiff is referring to case number 4:15cv188-RH/GRJ which was filed on April 2, 2015, but which was submitted to prison authorities for mailing on March 30, 2015. Doc. 1 at 13, case # 4:15cv188.

Plaintiff stated in the complaint that he was "unsure of others except those listed." *Id.* at 21. At the bottom of that page Plaintiff stated that departmental rules require him "to send home inactive legal cases . . . ." *Id.* Notwithstanding that rule,

---

[1] Case number 4:14cv359 was dismissed in this Court for failure to prosecute. Plaintiff's appeal of that case was dismissed on April 2, 2015, also for failure to prosecute. Doc. 49 of case # 4:14cv359. The second appeal, in case number 8:13cv3036, remains pending.

[2] Plaintiff wrote 2014 in the complaint, but that is likely a scrivener's error.

Plaintiff is able to keep one piece of paper which contains a summary of his prior cases and which would enable Plaintiff to accurately list all his cases. The listing provided by Plaintiff is not complete, nor has Plaintiff honestly answered Question D.

Judicial notice is taken that Plaintiff Steven A. McLeod, D.O.C. # 924820, is currently incarcerated at Jefferson Correctional Institution. Doc. 1 at 1-2. Judicial notice is also taken that Plaintiff has been in D.O.C. custody since 2001 and is serving a life sentence.[3] Beyond the cases which Plaintiff disclosed in the instant complaint, he has also filed these cases:

- Case # 8:98cv2490 was filed in M.D. Fla., on Dec. 7, 1998, and dismissed on Jan. 31, 2000, because it lacked merit. Doc. 43 of that case.

- Case # 8:98cv1534 was filed in M.D. Fla., on July 23, 1998, and judgment entered against Plaintiff on Nov. 13, 1998. Plaintiff's appeal was dismissed as frivolous on November 10, 1999. Doc. 42 of that case.

- Case # 8:99cv48 was filed in M.D. Fla., on Jan. 8, 1999, and dismissed for failure to file an amended complaint on Sept. 28, 1999. Doc. 21 of that case.

- Case # 3:06cv989 was filed in M.D. Fla., on Nov. 13, 2006, and dismissed sua sponte and prior to service on Nov. 14, 2006. Doc. 6 of that case.[4] Plaintiff's appeal was dismissed as frivolous in April 2007. Doc. 11 of that case.

- Case # 8:09cv72 was filed in M.D. Fla., on Jan. 16, 2009, and dismissed sua sponte and prior to service on Jan. 28, 2009, for lack of venue.

- Case # 4:09cv62-SPM/WCS was filed in this Court on Feb. 12, 2009, and dismissed sua sponte and prior to service on Jan. 8, 2010, for lack of jurisdiction. Doc. 27 of that case. Plaintiff voluntarily dismissed his appeal. *See* doc. 37.

---

[3] The Department of Corrections' website confirms Plaintiff's inmate number and custody status: www.dc.state.fl.us.

[4] The beginning of the dismissal order noted that Plaintiff did not apprise the court of his prior civil rights actions or the nature of the cases dismissed. The court quoted 28 U.S.C. § 1915(g) in relaying the importance of an accurate accounting of prior litigation. Doc. 6 at 1-2 of case # 3:06cv989.

For each case cited above, the docket reflects that the case was filed by Plaintiff Steven A. McLeod, D.O.C. # 924820.[5]  Considering that litigation history, especially the dismissal order entered in case number 3:06cv989, Plaintiff is well aware that he must disclose all prior cases he has filed.  The fact that he cannot keep inactive case files does not prevent Plaintiff from keeping a list of his prior cases and the relevant information.

Pursuant to § 1915(g), a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  This provision is applicable to Plaintiff and in the future, Plaintiff must acknowledge his prior relevant dismissals.  First, case number 8:98cv1534 was dismissed as frivolous pursuant to § 1915(e)(2).  Second, Plaintiff's appeal of that dismissal was also dismissed as "frivolous," see McLeod v. Henderson, No. 98-1534, 1999 WL 1427749, at *2 (M.D. Fla. Dec. 28, 1999), and is counted as a separate "strike."  Third, case number 8:98cv2490 was dismissed because it lacked merit, the equivalent of dismissal for failing to state a claim under § 1915(e)(2)(B)(ii).  See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007), which held that exhaustion is not a pleading

---

[5] The above listing does not include the habeas petitions which were filed by Plaintiff, although those should have also been disclosed as requested in the civil rights complaint form.

Case No. 4:15cv211-RH/CAS

requirement).[6]  In addition, Plaintiff has two more dismissals which count as strikes: Plaintiff's appeal of the dismissal of case number 3:06cv989 was dismissed as frivolous and case number 4:09cv62 was dismissed for lack of jurisdiction.  See Hernandez v. Ryan, No. 10-22789-CIV, 2010 WL 3447487, at *3 (S.D. Fla. Aug. 11, 2010) (noting that civil rights claims "dismissed on a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b), for lack of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted" are appropriately counted as "strikes" under § 1915(g)); Fleetwood v. Florida Bar Ass'n, No. 13-60446-CIV, 2013 WL 1501427, at *3 (S.D. Fla. Mar. 6, 2013) (same). Accordingly, Plaintiff may be granted in forma pauperis status and be permitted to proceed with this case only if he has shown that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    Here, Plaintiff's complaint concerns his medical care.  Plaintiff complains that his prescription for Zoloft was not timely renewed, and because he was without the medication for a period of time, he had "flashbacks and anxiety attacks and nightmares, which aggravated the Plaintiff's back injury causing severe pain and muscle spasms." *Id.* at 7.  Plaintiff also complains he was denied medication for a urinary problem which also exacerbated his mental health issues.  *Id.* at 8-9.  Further, Plaintiff's pain medication was delayed and not provided as it should have been to be effective.  *Id.* at

---

[6] The Supreme Court explained in Jones v. Bock that "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c)."  549 U.S. at 215, 127 S.Ct. at 920-21.

10-11. Plaintiff's complaint does not bring Plaintiff within the imminent danger exception.

Therefore, because Plaintiff has had more than three prior § 1915(e)(2) dismissals and is not under imminent danger of serious physical injury, his motion seeking leave to proceed in forma pauperis, doc. 2, should be denied and this action dismissed. The dismissal should be without prejudice as Plaintiff may re-file this action and present these same allegations in a complaint for which he simultaneously pays the full $400.00 filing fee at the time of case initiation. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice, all pending motions be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2015.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:15cv211-RH/CAS